IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Diane James <br> _Debtor_ | | CHAPTER 13 |
| MidFirst Bank <br> _Movant_ <br> vs. | | NO. 15-18491 MDC |
| Diane James <br> _Debtor_ | | |
| William C. Miller Esq. <br> _Trustee_ | | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. Movant is MidFirst Bank.

2. Debtor is the owner of the premises 8332 Forrest Avenue, Philadelphia, PA 19150, hereinafter referred to as the mortgaged premises.

3. Movant is the holder of a mortgage, original principal amount of $61,868.00 on the mortgaged premises that was executed on June 29, 2000. Said mortgage was recorded on September 21, 2000 in Instrument Number 50142142. The Mortgage was subsequently assigned to Movant by way of Assignment of Mortgage recorded on April 30, 2002, in Instrument Number 50449151 in Philadelphia County.

4. William C. Miller Esq., is the Trustee appointed by the Court.

5. The commencement and/or continuation of the mortgage foreclosure proceedings by reason of non-payment of monthly mortgage payments were stayed by the filing of a Chapter 13 Petition in Bankruptcy by Debtor. The post-petition arrearage on the mortgage held by the Movant on Debtor's residence is $3,817.50, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | April 2016 through November 2016 at $463.29 each |
| Late Charges: | April 2016 through September 2016 at $18.53 each |
| **Total Post-Petition Arrears** | **$3,817.50** |

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The parties agree that a facsimile signature shall be considered an original signature.

9. Debtor and Movant have agreed to have relief be entered effective thirty (30) days from the date of the hearing on the Motion for Relief on November 3, 2016.

10. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

11. Relief is hereby granted effective December 4, 2016.

Date: November 9, 2016

/s/ Joshua I. Goldman, Esquire
Joshua I. Goldman, Esquire
Attorney for Movant
KML Law Group, P.C.
Main Number: (215) 627-1322

Date: 11/10/16

Erik B. Jensen Esq.
Attorney for Debtor

No Objection: [signature] TRUSTEE
*without prejudice to any trustee rights or remedies

Approved by the Court this 28th day of November, 2016. However, the court retains discretion regarding entry of any further order.

Magdeline D. Coleman
Bankruptcy Judge
Magdeline D. Coleman